UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ALFRED TAYLOR-EL, III<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. CISNEROS, et al.,<br><br>　　　　Defendants. | No. 1:23-cv-00889-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 4) |

Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to remand, filed July 26, 2023.

**I.**

**BACKGROUND**

On June 12, 2023, Defendants removed this action from the Kings County Superior Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, contending the complaint alleges causes of action under 42 U.S.C. § 1983 for violations of the Eighth among other claims, and that this Court therefore has federal question jurisdiction under 28 U.S.C. § 1441.

On June 27, 2023, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff stated a cognizable claim against Defendants Does 2 through 8 for excessive force, failure intervene, assault and battery, and negligence. (ECF No. 3.)

On July 26, 2023, Plaintiff file a motion to remand the action back to the Kings County Superior Court. (ECF No. 4.) On August 2, 2023, Defendants filed an opposition. (ECF No. 7.) Although the time for Plaintiff to file a reply has not passed, the Court deems a reply unnecessary.

## II.

## MOTION TO REMAND

### A. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,' " Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392. Further, a plaintiff's "repeated references" to federal law in his state law cause of action "does not mean that [federal law] creates the cause of action under which [plaintiff] sues." Kripke v. Safeway, Inc., 2018 WL 3491903, at *6 (N.D. Cal. July 20, 2018) (alterations in original) (quoting ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)).

The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1447(c), "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing

### B. Parties' Positions

Plaintiff argues under the "well-pleaded-complaint rule, removal is warranted because the complaint on its face does not present a federal question. Rather, Plaintiff claims that Defendants' defenses are based on federal question and federal law.

Defendants argue that Plaintiff's motion is untimely and the complaint raises federal issues.[1]

### C. Discussion

The presence of federal-question jurisdiction is governed by the well-pleaded complaint rule, and the Court examines whether a federal question is presented on the face of Plaintiff's properly pleaded complaint. See Caterpillar, Inc., 482 U.S. at 392. Here, based on a review of the complaint as summarized and analyzed in the Court's June 27, 2023 screening order, the Court found that Plaintiff stated a cognizable claim against Defendants Does 2 through 8 for excessive force, failure intervene, assault and battery, and negligence. (ECF No. 3.) However, based upon a review of Plaintiff's motion and the complaint, the Court finds that Plaintiff's complaint sounds solely in state law, not federal law. Defendants argue Plaintiff's complaint specifically alleges that Doe Defendants' use of force was "intention, wanton, malicious and unnecessary," his claims

---

[1] Because Plaintiff challenges the removal for lack of subject matter jurisdiction, the Court does not find the motion to be untimely filed. Section 1447(c) provides, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Even if Plaintiff filed his motion outside the 30-day window, section 1447(c), by its terms, excludes from this 30–day window motions for remand on the grounds that the Court lacks subject matter jurisdiction. It is this ground that serves as the basis for Plaintiff's motion to remand and Defendants' argument that the motion is untimely is unfounded.

fall under 42 U.S.C. § 1983 supplemental jurisdiction, and Defendants' pattern and practices deprived him of his rights under the "State and Federal Constitutions." (ECF No. 1 at 9, 14, 15.) While in passing, Plaintiff's complaint makes vague reference to intentional, malicious, and cruel and unusual punishment, all of the claims are presented as arising under only California law. (ECF No. 1.) The fact that Plaintiff's allegations and choice of words are consistent with an attempted federal claim does not meet the standard of the well-pleaded complaint rule, because the allegations and language are equally consistent with attempted state law claims. If an Eighth Amendment excessive force claim was specifically identified in the complaint as the source of rights violated by the Defendants, then a federal question would be presented. But the jurisdictional question is limited to the four corners of the complaint. Caterpillar, 482 U.S. at 392. The complaint does not itself plainly identify any federal constitutional provision. Plaintiff is the master of his complaint and it is clear Plaintiff has chosen to avoid federal jurisdiction by exclusively relying on state law. In addition, federal law is not a necessary element of his state law claims and there is no federal preemption. Accordingly, remand is appropriate. See, e.g., Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).

## III.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion to remand the action back to the Kings County Superior Court be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the

///

///

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 4, 2023**

UNITED STATES MAGISTRATE JUDGE